It is contended that the direction to sell the residue of the estate and pay the proceeds to the societies is void (except as regards the Marshall Infirmary), on the sole ground that it is forbidden by the statute making void devises to corporations, in these words: "But no devise to a corporation shall be valid, unless such corporation be expressly authorized," c. (2 R.S., p. 57, § 3.) I think the statute does not affect the case.
I. According to the earlier part of the opinion of the Chief Judge (in which I concur), it is shown that there is no devise of the land to any one. There is only a power. Although we concede that so much of the power as relates to the rents *Page 392 
and profits is void, there still remains a distinct authority to sell the land and pay over the proceeds. A power to a trustee (unaccompanied with an estate) to sell lands and pay the proceeds to a given person or institution, is not, in any legal or popular sense, a devise to such person or institution. There is not, therefore, in the case, any devise to a corporation, and, for that reason, the statute has no application.
II. If it could be maintained that there was an interest of any kind devised or bequeathed to the corporations, it is not land or real estate. The direction to sell is a conversion into personal property. I think there is no authority for saying that, under such a direction, the corporations could claim the land.
III. The cases under the statute of 9 George II (ch. 36, § 1), commonly, but improperly, called the mortmain act, are not applicable:
1. That statute has not been reënacted in this State. Though adopted in England before the Revolution, and the question as to its incorporation into our system being before the legislature when the general English statutes were reënacted, it was not embraced among the laws retained. Its special policy was not approved. It may rather be said to have been condemned.
2. It is not in pari materia with our statute above mentioned, avoiding devises to corporations. The two statutes were not passed in furtherance of the same or a kindred policy, for the apparent motives for the two enactments are quite different. (1.) The English act does not forbid devises to corporations, any more than to natural persons. The provisions are aimed against charities, and not against corporations. Every disposition to a corporation, which would be good if made to a natural person, is valid, though made to a corporation. (2.) Our act has no reference to charities, but only to corporations.
3. The cases under the act of George II, to which reference is made by the respondent's counsel, proceed upon the peculiar provisions of that act. It not only makes void the alienation of land for the benefit of charitable uses (to any person), but forbids land from being in any way charged or incumbered. *Page 393 
Under such an enactment, it has been very properly held that lands could not be devised to be sold for the benefit of a charity. Such a devise would effectually charge the land, and would be within the express words of the statute. It was remarked by the Lord Chancellor, in The Attorney-General v. LordWeymouth (Amb., 20), that it was of no consequence, under the mortmain act, whether the gift was of land or money arising out of the sale of land; for, said he, "it is just the same thing — the statute making void all charges and incumbrances on land for the benefit of a charity."
IV. The distinction between a devise of land and a power to sell for the benefit of another, in respect to the capacity of the donee to take, is well settled by authority. The cases ofCraig v. Leslie (3 Wheat., 563), and Anstice v. Brown (6 Paige, 448), hold that, where land is devised or conveyed to be sold, and the proceeds paid to an alien, the trust is perfectly valid. It is true that, when these cases arose, a devise or conveyance to an alien was not absolutely void, as devises now are. But I think this makes no difference — the reasoning of the judges in the cases proceeding upon the effect of an equitable conversion, and upon the consideration that the policy of the law which forbids aliens from holding was not infringed upon by bequeathing money to them to be raised by the sale of land pursuant to a power. So in the present case. The policy and the language of the statute prohibits corporations from holding land by the title of devise; but they are free to take money or personal property by a testamentary gift. To me it seems perfectly consistent with the policy, as it certainly is with the language, of the statute, to hold that a testator may, by will, create a power to dispose of his land and pay the proceeds to a legatee.
I am in favor of a judgment which shall establish the principle I have stated, that is to say, which shall uphold the power as regards the two incorporated societies which are not authorized to take by devise.
SELDEN, LOTT, JAMES, MASON and HOYT, Js., concurred, except that LOTT, HOYT and JAMES, Js., expressed no opinion *Page 394 
upon the question as to the share of the heirs of the testator in the proceeds of the sale of the real estate mentioned in the residuary clause. DAVIES, J., who also delivered an elaborate opinion, dissented from the preceding in respect to the validity of the power in trust for the benefit of the charitable corporations, and as to the authority of the Marshall Infirmary to take by devise.
Judgment reversed.